**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| LEWIS CHAMPAGNE, II, ET AL | CIVIL ACTION NO. 14-766 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| UNION PACIFIC RAILROAD CO., ET AL | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is the Motion for Partial Summary Judgment [Record Document 86] filed by Defendant, Union Pacific Railroad Company ("Union Pacific"). This motion seeks to have Plaintiffs' economic loss and trespass claims dismissed with prejudice. Plaintiffs raise no opposition to the motion as it relates to the trespass claims. Record Document 92, p. 7. For the reasons that follow, Union Pacific's Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs, Lewis Champagne, II and Helena Champagne, are the owners of approximately forty-one acres of land in Lawtell, Louisiana. This property is subject to a one hundred foot right-of-way in favor of Union Pacific. On August 4, 2013, a Union Pacific train derailed in the area of Plaintiffs' property, and Plaintiffs subsequently filed suit on February 27, 2014. Plaintiffs asserted claims of (1) diminution of property value, (2) trespass, (3) failure to return the property to its previous condition prior to contamination, (4) economic loss damages, and (5) fear, fright, and inconvenience. Record Document 1-2,

pp. 4-7. This Partial Motion for Summary Judgment involves the trespass and economic loss claims.

In their Petition for Damages, Plaintiffs assert that Union Pacific is liable for trespass due to its drilling and installation of three monitoring wells on Plaintiffs' property. Id. at 4. Plaintiffs also assert a claim for trespass arising out of the actual spillage of substances onto the property. Union Pacific's motion addresses the trespass claim only as it relates to the wells.[1] It argues that the wells were placed inside the right-of-way granted in favor of Union Pacific, and therefore no trespass has occurred. Record Document 86-2, p. 1. In support of this assertion, Union Pacific offers the testimony of Lewis Champagne, as well as a deed memorializing the right-of-way. Id. at 6; Record Documents 86-3, 86-4. Plaintiffs have not opposed Union Pacific's motion as it relates to the trespass claim. Record Document 92, p. 7.

As to the economic loss claim, Plaintiffs allege that they farmed crawfish on their property prior to the train derailment, and that since the derailment the land has failed to yield a crop. Record Document 1-2, pp. 5-6. Plaintiffs seek recovery of the loss in value of their crawfish pond, as well as losses associated with their annual crawfish crop. Union Pacific argues that it is entitled to summary judgment because there is no genuine dispute concerning the crawfish farm and Plaintiffs have provided no proof of lost profits. Record Document 86-2, p. 8. Union Pacific offers as undisputed fact that Plaintiffs never farmed crawfish commercially, and characterize Plaintiffs losses as merely speculative. Record

---

[1] Because Union Pacific's motion does not address the claim for trespass related to the spillage, the Court makes no decision on this aspect of the claim.

Document 86-1, p. 2; Record Document 86-2, p. 4. Union Pacific refers to deposition testimony that Plaintiffs had not farmed crawfish, even for recreational use, in the few years prior to the derailment. Record Document 86-2, p. 2. In response, Plaintiffs assert that the pond produced approximately five hundred pounds of crawfish annually, and suggest that damages can be calculated using market area data for the price of crawfish. Record Document 92, p. 4. Plaintiffs include an economist's calculations of the estimated loss in their Opposition to the Motion for Summary Judgment [Record Document 92]. According to Plaintiffs' economist, the value lost is between $35,912.00 and $44,890.00. Id. at 5; Record Document 92-4, p. 3. Union Pacific's reply brief emphasizes its assertion that Plaintiffs were not actually engaged in the cultivation of crawfish at the time of the derailment. Record Document 93, p. 3.

## **STANDARD**

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a

"short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## ANALYSIS

Union Pacific's motion argues that there is no genuine dispute as to any material fact concerning losses associated with the crawfish farm. It characterizes the claim as one for economic losses of a "business that never existed," and alleges that any losses are purely speculative. Record Document 86-2, p. 5. In support of its claim, Union Pacific refers to the deposition of Lewis Champagne, in which he stated that the pond "had not been crawfished in a couple of years . . . even for recreational or own usage," and that the "plan was to start crawfishing." Record Document 86-4, pp. 7-8. Union Pacific further argues that claims for lost crops are awarded when the plaintiff is actively engaged in cultivation, and asserts as undisputed fact that Plaintiffs were not engaged in cultivation at the time of the derailment "nor within almost a decade before the derailment." Record Document 93, p. 3.

In response, Plaintiffs also refer to Lewis Champagne's deposition testimony. In his deposition, Mr. Champagne testified that, prior to the derailment, the family farmed crawfish for their own use and for friends, and that the ponds yielded approximately five hundred pounds of crawfish annually. Document 92-2, pp. 4, 6. Additionally, Plaintiffs support their claim with the declarations of Duane Smith ("Smith"), a crawfish farmer, and

Randolph Rice ("Rice"), an economist. In his declaration, Smith provided data on crawfish prices in the Lawtell area from 2013 to 2016. Record Document 92-3. In his declaration, Rice provided a calculation of the estimated lost value of crawfish suffered by Plaintiffs, a value he determined to be between $35,912.00 and $44,890.00. Record Document 92-4, p. 3. Thus, Plaintiffs assert that their economic loss claim is not speculative and that such losses could be reasonably calculated.

In order to prevail on its motion, Union Pacific must show that Plaintiffs are unable to prove any economic losses. Any showing by Plaintiffs that they suffered an economic loss will be sufficient to overcome the summary judgment motion. Plaintiffs have alleged facts suggesting they suffered economic losses associated with their crawfish pond and have provided support for their allegations. The sufficiency or credibility of Plaintiffs' evidence is not before the Court, but is to be determined by the trier of fact. Accordingly, as to the economic loss claim, summary judgment would be inappropriate at this time.

Union Pacific asserts that it is entitled to summary judgment on the trespass claim because the wells at issue were installed within the right-of-way granted in favor of Union Pacific. Record Document 86-2, pp. 7-8. Plaintiffs admit that the monitoring wells were installed within the railroad right-of-way, and have not opposed the motion as it relates to the trespass claim. Record Document 92-1, p. 4; Record Document 92, p. 7.  For these reasons, the Court finds that there are no genuine issues of material fact precluding summary judgment on the trespass claim as it relates to the installation of the monitoring wells.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Union Pacific's Partial Motion for Summary Judgment [Record Document 86] be and is hereby **GRANTED IN PART** as to the trespass claim and **DENIED IN PART** as to the economic loss claim.

**THUS DONE AND SIGNED** this 19th day of September, 2016 in Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE